IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Norris Tyrell Wilson, Jr., | ) | Case No. 8:25-cv-00517-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Captain Mr. Davis, Ms. Glover, Mr. | ) | |
| Richburg, Mr. Waddell, Mr. Douglas, | ) | |
| Mr. Cain, Mr. Prince, Director Brian P. | ) | |
| Stirling, Warden Donnie Stonebreaker, | ) | |
| Sam Ray, Lt. Mrs. Brown, MHO Mr. Don | ) | |
| Phillips, Sandra Outlaw, Mrs. Rogers, | ) | |
| MHO Mrs. Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights. ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On January 20, 2026, the Magistrate Judge issued a Report recommending that Defendants Director Brian P. Stirling, Warden Donnie Stonebreaker, Sam Ray, Mr. Waddell, Mr. Douglas, Lt. Ms. Brown, MHO Mr. Don Phillips, Sandra Outlaw, Mrs. Rogers, and MHO Mrs. Williams be dismissed from this action and directed that service of process be authorized as to Captain Mr. Davis, Lt. Ms. Glover, Mr. Richburg, Mr. Cain, and Mr. Prince. ECF No. 38. The Magistrate Judge advised Plaintiff of the procedures and

requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 54.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff's objections are untimely. The Report was filed on January 20, 2026, and the objections are notarized as of March 24, 2026. ECF Nos. 38; 54 at 4. Plaintiff has not provided any reason for the delay within his objections. Nevertheless, out of an abundance of caution, the Court will review Plaintiff's objections. Accordingly,

2

the Court's review has been de novo.  The Court begins with a discussion of the objections and Plaintiff's arguments made therein because he does not address much of the substance of the Report.

Plaintiff objects to the Magistrate Judge's categorization of his allegations as confusing and rambling.  ECF No. 54 at 1.  The Court finds that this categorization does not affect the outcome of this case.

To the extent that Plaintiff's statement that he had properly completed his complaint and service documents before being directed to fix them can be construed as objections to the first or second proper form order and the order regarding amendment, these objections are overruled.  *See* ECF No. 54 at 1.  The Magistrate Judge's orders are non-dispositive.   Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").  The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order.  *Id*.  Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*.  Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).  The Court has reviewed the Magistrate

3

Judge's orders and Plaintiff's objections. Upon such review, the Court finds that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law. Accordingly, the objections are overruled.

On page 2 of his objections, Plaintiff makes allegations against Defendants Glover, Davis, Cain, and Richburg. However, those Defendants have been served. Thus, any objection that Plaintiff stated a plausible claim for relief against them is overruled.

On the same page, Plaintiff appears to make allegations regarding his conditions of confinement claim. The Court notes that these allegations do not expound upon his previous allegations and have been considered by the Magistrate Judge. Moreover, he does not allege any facts as to this claim against specific Defendants.

To the extent Plaintiff asserts that he did not receive liberal construction, the Court has reviewed all of Plaintiff's filings and the Magistrate Judge's Report. Upon such review, the Court finds that the Magistrate Judge liberally construed all of Plaintiff's filings. To the extent Plaintiff asserts that the Magistrate Judge's order directing him to file an amended complaint was really an attempt to exclude some of his claims and evidence, Plaintiff was specifically "reminded that an amended complaint replaces all prior complaints and should be complete in itself." ECF No. 14 at 6. Moreover, the Court has reviewed all of Plaintiff's attachments to the Report and finds that they do not change the Court's analysis and would have made no difference in the Magistrate Judge's analysis.[1]

---

[1] Plaintiff states the Magistrate Judge incorrectly identifies the person who scratched his arm on page 6 of the Report. ECF No. 54 at 2. Upon review, the Magistrate Judge stated that Outlaw came to the food flap but that Glover caused his injuries. This is consistent with Plaintiff's allegations.

4

On page 4 of his objections, Plaintiff moves for a change of venue. He states that he has been manipulated and that there have been several changes of case numbers and of judges assigned to his case. These allegations do not entitle Plaintiff to a change of venue. Accordingly, the request is denied.

As to the remainder of the Report, Plaintiff has not filed specific objections. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court agrees with the Magistrate Judge thorough analysis as to why each Defendant recommended for dismissal is entitled to be dismissed from this action. Accordingly, Court specifically adopts the Magistrate Judge's well-reasoned analysis.[2]

## CONCLUSION

Therefore, upon de novo review of the record, the Report, and the applicable law, the Court adopts the recommendation of the Magistrate Judge. Defendants Stirling, Stonebreaker, Ray, Waddell, Douglas, Brown, Phillips, Outlaw, Rodgers, and Williams are **DISMISSED** from this action. The action remains pending against Defendants Davis, Glover, Richburg, Cain, and Prince.

To the extent Plaintiff moves for copies, appointment of counsel, and for camera footage, those motions recommitted for the Magistrate Judge to consider in the first instance. *See* ECF No. 54 at 2–4.

---

[2] The Court specifically notes the Magistrate Judge footnote on page 2 of the Report. ECF No. 38 at 2 n.1. Plaintiff has not objected to this portion of the Report. Accordingly, this case will proceed against the parties identified by the Magistrate Judge.

The Court reiterates that it considered Plaintiff's untimely objections out of an abundance of caution.  Notwithstanding this, Plaintiff is reminded of the importance of timely complying with directions from this Court and the Magistrate Judge.  Failure to timely submit documents for review in the future may result in the Court ruling without considering Plaintiff's arguments.

The Court notes that the docket in this case is incorrect.  Two Defendants appear to be listed twice and a Defendant from the initial complaint is still listed as an active participant in this case.  The Magistrate Judge is directed to clarify the docket for the benefit of all involved.  The Court also requests that, in the future, the Magistrate Judge make recommendation of dismissal with or without prejudice at the initial review stage.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

April 24, 2026
Spartanburg, South Carolina