IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Norris Tyrell Wilson, Jr., | ) | Case No. 8:25-cv-00517-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Captain Mr. Davis, Ms. Glover, Mr. Richburg, Mr. Cain, Mr. Prince, | ) | |
| | ) | |
| Defendants. | ) | |
| ________________________________ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On April 21, 2026, the Magistrate Judge issued a Report recommending that Defendant Cain be dismissed from this action for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 63. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 77.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, including the pertinent facts regarding attempted service on Defendant Cain, which the Court incorporates by reference. Because Plaintiff filed objections, the Court's review has been de novo.

In his objections, Plaintiff requests that "Defendant Cain[']s address be checked and screened against that of the 'South Carolina Department of Motor Vehicle' and that of the I.R.S. of his social security number and service be reattempted." ECF No. 77. As explained in more detail by the Magistrate Judge, a plaintiff proceeding in forma pauperis "is responsible for timely service," but the U.S. Marshal Service must make a "reasonable effort" to perfect such service on the plaintiff's behalf. *Shirley v. Staubs*, 812 F. App'x 162, 162–63 (4th Cir. 2020) (citing Fed. R. Civ. P. 4(c)(1)). The actions requested by Plaintiff go beyond the requisite "reasonable effort." *See Tankard v. Charter Spectrum, Inc.*, C/A No. 1:23-cv-696, 2023 WL 11899900, at *1 (M.D.N.C. Aug.

23, 2023) (noting that a plaintiff proceeding in forma pauperis “is responsible for preparing and delivering to the Clerk the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served”).

Here, the deadline to accomplish service expired on April 20, 2026. ECF Nos. 36, 37. Plaintiff has not established good cause to extend the deadline for service. While Plaintiff has been diligent in attempting to serve Defendant Cain, there is no evidence that Defendant has attempted to evade service and Plaintiff has failed to provide any updated information. *See Gardner v. Dial*, No. 2:16-cv-03547-BHH-MGB, 2017 WL 9673666, at *2 (D.S.C. Oct. 20, 2017) (“However, the plaintiff must provide sufficient information to locate the defendant with ‘reasonable effort.’”). Therefore, dismissal of Defendant Cain is appropriate under Federal Rule of Civil Procedure 4m).[1]

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts Report of the Magistrate Judge. Defendant Cain is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 6, 2026
Spartanburg, South Carolina

[1] The Court notes that Plaintiff prepared a new USM-285 on behalf of Defendants Glover, Prince, Richburg, Davis, and Cain. This proposed USM-285 was unauthorized and out of time.